## LEWIS v. EINHORN.

(Supreme Court, Appellate Term. May 9, 1912.)

LANDLORD AND TENANT (§ 233*)—DIRECTION OF VERDICT.

Where, in an action for rent, the evidence was conflicting as to the amount due, it was improper to direct a verdict for the plaintiff for the larger amount.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 940–944; Dec. Dig. § 233.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Lewis against Moses Einhorn. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Myron S. Yochelson, of New York City, for appellant.
Goldfein & Weltfisch, of New York City, for respondent.

GUY, J. The defendant, by an instrument in writing, assigned to the plaintiff the rents of a certain building in this city, owned by the defendant, as security for the sum of $450, claiming that there had been paid but $275 to apply upon this sum. The plaintiff sued for the balance, and, upon the trial, the justice in the court below directed a verdict in favor of the plaintiff for the sum of $175. A relative of the plaintiff, who had had charge of the plaintiff's matters in connection

with the assignment, testified in general terms, but without objection, that there had only been paid by the defendant the sum of $275, leaving a balance due the plaintiff of $175. Upon cross-examination, he was unable to state definitely the several payments made by the defendant. On the other hand, the defendant testified, also without objection, that he had paid "altogether the sum of $375, leaving a balance of but $75 due the plaintiff." He was equally as indefinite in his testimony as was the plaintiff, and was unable to state the several items constituting such payments, or the times they were made. There was, therefore, a question of fact presented for the consideration of the jury, and the direction of a verdict was improper.

The judgment is therefore reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.